**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

MOHAMUD ABDI AHMED,

Plaintiff,

v.

INFINITE HEALTH COLLABORATIVE, P.A., *d/b/a Twin Cities Orthopedics, P.A.*;

CROSSTOWN SURGERY CENTER, LLC; and

DR. ALLAN HUNT,

Defendants.

Civ. No. 25-4539 (JRT/DTS)

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS**

Mohamud Abdi Ahmed, 3337 Fourth Avenue South, Minneapolis, MN 55408, *pro se* Plaintiff.

Bridget Romero **LATHROP GPM LLP**, 2323 Grand Boulevard, Suite 800, Kansas City, MO 64108; and

Caitlin Gehlen, **LATHROP GPM LLP**, 80 South Eighth Street, Suite 3100, Minneap0olis, MN 55402, for Defendants.

Plaintiff Mohamud Abdi Ahmed brings this action against Defendants Infinite Health Collaborative, d/b/a Twin Cities Orthopedics, P.A. ("TCO"); Crosstown Surgery Center, LLC; and Dr. Allan Hunt (collectively, "Defendants"). Ahmed's claims arise from his experiences as a patient when he received shoulder surgery and related care from TCO in 2020 and 2021. Ahmed's pro se Complaint asserts claims under the Americans with Disabilities Act, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"),

section 504 of the Rehabilitation Act of 1973, informed consent laws, and other civil rights violations.

Defendants bring a partial motion to dismiss. Specifically, Defendants seek dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) of Ahmed's claims under HIPAA, his claims alleging violations of informed consent laws, and his claims alleging civil rights violations. After careful consideration, the Court concludes that Ahmed's Complaint fails to state a plausible claim for relief under any of these theories. Accordingly, the Court will grant Defendants' partial motion to dismiss.

**BACKGROUND**

**I. FACTS**

Ahmed's pro se Complaint alleges the following facts. (Compl., Dec. 5, 2025, Docket No. 1.) While receiving care from TCO in 2020, Ahmed informed staff that he "did not understand the surgical consent and could not sign [the form] without a qualified ASL interpreter." (Compl. ¶ 7.) Ahmed states that TCO used his mother, who is not a qualified interpreter, to pressure him into signing the form. (*Id.*) TCO eventually provided an interpreter over Zoom, but the "Zoom interpreter was turned on only after [he] had already signed the consent under pressure." (*Id.* ¶ 8.) Ahmed states that his medical records "falsely document" that he "voiced understanding" that he was consenting to surgery. (*Id.* ¶ 9.) Ahmed also alleges that his medical records "contain false statements blaming me for communication issues, including claims that [he] 'refused to read'

documents." (*Id.* ¶ 16.) Ahmed states that on the contrary, he "simply could not understand without a qualified interpreter." (*Id.*)

Ahmed alleges that he was not provided with an interpreter at pre-operative appointments on July 24, 2020, and August 6, 2020. (*Id.* ¶ 10–11.) "The clinic later claimed that the interpreter was 'scheduled for the wrong date'[.]" (*Id.* ¶ 12.) He alleges that TCO "[s]taff relied on my phone notes and written messages as if they were an acceptable substitute for a qualified ASL interpreter," thus violating his "rights as a Deaf patient." (*Id.* ¶ 18.)

After Ahmed's surgery, he "avoided medical care, emergency visits, and appointments due to trauma from interpreter denial and pressured consent." (*Id.* ¶ 13.) Ahmed filed complaints with TCO, but he alleges that "staff delayed forwarding them to leadership for months." (*Id.* ¶ 14.) He states that he suffers from "emotional trauma, fear of medical settings, chronic stress, and long-term harm[.]" (*Id.* ¶ 15.)

In his "Request for Relief," Ahmed asks the Court to "recognize the violations of my ADA, Section 504, HIPAA, and informed consent rights, and hold the defendants accountable for the harm caused[.]" (*Id*. at 6.)

## II. PROCEDURAL HISTORY

Ahmed filed his Complaint on December 5, 2025. (*See* Docket No. 1.) Ahmed's "Request for Relief" references four legal authorities—the Americans with Disabilities Act; Section 504 of the Rehabilitation Act; HIPAA; and "informed consent rights." (Compl.

at 6.) Paragraph four of the Complaint also lists "civil rights violations" as one of his grounds for relief. (*Id.* ¶ 4.)

On March 2, 2026, Defendants filed a partial motion to dismiss under Fed. R. Civ. P. 12(b)(6). (Docket No. 13.) Defendants seek dismissal of: (1) Ahmed's claims under HIPAA; (2) Ahmed's claims of violations of informed consent laws; and (3) Ahmed's civil rights claims. Defendants expressly state that they do not, at this stage, seek dismissal of Ahmed's claims under the ADA and Section 504 of the Rehabilitation Act. (*See id.*)

Ahmed timely filed a response (Docket No. 37). After Defendants filed their reply (Docket No. 39), Ahmed sought leave to file—and filed—a surreply. (Docket Nos. 40, 41.)[1]

**DISCUSSION**

## I. STANDARD OF REVIEW

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court construes the complaint in the light most favorable to

[1] The Court will grant Ahmed's Motion for Leave to File Surreply (Docket No. 40) and has considered the arguments made in his surreply (Docket No. 41).

the plaintiff, drawing all inferences in the plaintiff's favor. *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

Although the Court accepts the complaint's factual allegations as true and construes the complaint in a light most favorable to the plaintiff, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In other words, a complaint "does not need detailed factual allegations" but must include more "than labels and conclusions, and a formulaic recitation of the elements" to meet the plausibility standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## II. ANALYSIS

Defendants seek dismissal of Ahmed's HIPAA, informed consent, and civil rights claims. The Court will address each in turn.

### A. HIPAA Claim

"HIPAA does not create a private right of action." *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010). Ahmed presented no defense of his HIPAA claims in his briefing and did not address this principle. Accordingly, the Court will grant Defendants' motion to dismiss Ahmed's claims alleging a violation of HIPAA.

### B. Informed Consent Claim

Ahmed's Complaint alleges generally that Defendants violated his "informed consent rights." (Compl. at 6.) While Ahmed's Complaint does not identify any specific statute or cause of action under which he asserts this claim, Ahmed lists "federal

informed[] consent law" in the section of his Complaint requiring him to identify the basis for the Court's federal-question jurisdiction, indicating that he intended to bring this claim under federal law. (*Id.* at 3.)

There is no single federal statute or common law governing informed consent for medical treatment, and Ahmed's memoranda opposing Defendants' motion to dismiss characterizes his claim to be one "challeng[ing] unauthorized medical contact and denial of statutory communication rights," citing exclusively to a Minnesota state statute. (Mem. Opp. Mot. Dismiss ("Mem. Opp.") at 12, Mar. 10, 2026, Docket No. 23.) Yet neither those claims nor the cited statute appear in Ahmed's Complaint.

At the pleading stage, the Court liberally construes a pro se complaint, but "a complaint must contain more than conclusory allegations to survive a motion to dismiss," and "pro se litigants must . . . allege sufficient facts to state a plausible claim for relief." *Ellis v. City of Minneapolis*, 518 Fed. App'x. 502, 503 (8th Cir. 2013). Because Ahmed's claim of violation of "informed consent rights" in his Complaint does not rest on any identified legal authority entitling him to relief, the Court will grant Defendants' motion to dismiss this claim under Rule 12(b)(6), but without prejudice.[2]

[2] "Without prejudice" means that Ahmed can fix any deficiencies in those claims and refile.

### C. Civil Rights Claim

Finally, Defendants move to dismiss Ahmed's claim of "civil rights violations." (Compl. ¶ 4.) Ahmed does not provide any facts in his Complaint to support this allegation, and he does not include a civil rights violation in the Request for Relief portion of the Complaint.

Ahmed's memorandum suggests that the reference in his Complaint to "civil rights violations" may simply refer to his claims under the ADA and Section 504. (See Mem. Opp. at 40 ("[f]ederal civil-rights statutes, including the ADA and Section 504, serve both remedial and deterrent purposes.").) Whether or not that is the case, Ahmed does not offer any argument rebutting Defendants' motion to dismiss this claim. The Court will therefore grant Defendants' motion to dismiss as to Ahmed's claim alleging civil rights violations.

## CONCLUSION

Because the Court concludes that Ahmed's Complaint fails to state a plausible claim for relief under HIPAA, for a violation of an informed consent law, or a claim alleging a civil rights violation, the Court will grant Defendants' partial motion to dismiss these claims. Defendants did not seek dismissal of Ahmed's claims under the ADA and Section 504 of the Rehabilitation Act, and those claims will remain pending.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Ahmed's Motion for Leave to File Surreply (Docket No. [40]) is **GRANTED**.

2. Defendants' Partial Motion to Dismiss (Docket No. [13]) is **GRANTED** as follows:

   a. Ahmed's claim under HIPAA is **DISMISSED** with prejudice.

   b. Ahmed's claim of informed consent violations is **DISMISSED** without prejudice.

   c. Ahmed's claim of civil rights violations is **DISMISSED** with prejudice.

DATED: August 18, 2026
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge